UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH HORN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-4626 |
| | ) |
| CAPITAL CAST STONE, INC., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kenneth Horn, Jr. ("Horn"), brings this action against Defendant, Capital Cast Stone, Inc. ("Defendant"), alleging that Defendant terminated him in violation of his rights as protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

### PARTIES

2. Horn has at all times resided in the Southern District of Indiana.

3. Defendant is an Indiana corporation doing business in the Southern District of Indiana, Indianapolis Division.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Horn's federal claim pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Horn's state law claim pursuant to 28 U.S.C. § 1367(a).

5. Horn is an "employee" as defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5).

7. Venue is proper in this court pursuant to 29 U.S.C. § 1391 because all facts, events, and transactions giving rise to this lawsuit occurred in Lebanon, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

8. Horn satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around June 1, 2017. Horn received his right-to-sue notice from the EEOC on or around September 19, 2017, and now timely files this lawsuit.

## FACTUAL ALLEGATIONS

9. Horn began working for Defendant as a production manager on or around January 3, 2017.

10. At all relevant times, Horn's work performance met Defendant's reasonable expectations.

11. At all relevant times, Horn reported to Defendant's owner/President, Troy Deppe ("Deppe").

12. On April 14, 2017, Horn was assisting other employees flip a stone weighing more than 1000 pounds, when the stone slipped and crushed Horn's fingers.

13. Horn suffered significant injury to his fingers and nerves in his right hand.

14. Since suffering this injury, the injury has substantially interfered with one or more of Horn's activities of daily living, including but not limited to, lifting and grasping objects.

15. Horn was treated at the hospital for his injuries on April 14, 2017.

16. Defendant understood that Horn would file a worker's compensation claim as a result of his work-related injury.

17. Deppe refused to cooperate with the hospital in preparing paperwork related to Horn's injury.

18. Deppe refused to compete paperwork necessary for Horn's necessary hand surgery to be covered by worker's compensation insurance.

19. Deppe refused to speak with Horn's hand surgeon and worker's compensation insurance case worker.

20. Following his injury, Horn was able to perform the essential functions of his job with a reasonable accommodation, *viz*, not using his right hand.

21. Horn was not scheduled to work on April 15 or 16.

22. Horn returned to work on April 17, 2017, and began work consistent with his restrictions.

23. Horn informed Defendant of his restriction and requested a reasonable accommodation, which constituted protected activity under the ADA.

24. Deppe terminated Horn's employment on April 17, 2017.

25. Defendant has accorded more favorable treatment to similarly-situated employees who were not disabled, had a record of being disabled, were not regarded by Defendant as being disabled, had not engaged in protected conduct under the ADA, and/or were not expected to file a worker's compensation claim.

26. Defendant terminated Horn because of his disability, record of disability, perceived disability, and/or in retaliation for his protected activity under the ADA, and/or his anticipated protected activity under *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

27. Any reason given by Defendant for the adverse actions taken against Horn is pretextual.

28. Defendant's conduct violated Horn's rights as protected by the ADA and the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

29. Horn has suffered and continues to suffer injuries as a result of Defendant's unlawful conduct.

## CAUSES OF ACTION

## COUNT I - DISABILITY DISCRIMINATION

30. Horn incorporates by reference paragraphs 1-29 of his Complaint.

31. Horn is a qualified individual with a disability, record of disability, and/or is regarded by Defendant as having disability.

32. Defendant terminated Horn because of his disability, record of disability, and/or because it regarded him as being disabled.

33. Defendant has accorded more favorable treatment to similarly-situated employees who do not have a disability, record of disability, and/or perceived disability.

34. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

## COUNT II - ADA RETALIATION

35. Horn incorporates by reference paragraphs 1-34 of his Complaint.

36. Horn engaged in protected conduct when he requested a reasonable accommodation.

37. Defendant subjected Horn to retaliation for requesting a reasonable accommodation, including, but not limited to, terminating Horn.

38. Defendant's actions were intentional willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

## COUNT III - WRONGFUL TERMINATION -
*Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973)

39. Horn incorporates by reference paragraphs 1-38 of his Complaint.

40. Defendant terminated Horn in violation of the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), by terminating him because of his workplace injuries and in anticipation of a worker's compensation claim.

41. Defendant has accorded more favorable treatment to similarly-situated employees who did not suffer workplace injuries and/or did not have anticipated worker's compensation claims.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kenneth Horn, Jr., by counsel, respectfully requests that the Court find for him and order that Defendant:

a. Reinstate Horn to the same position, salary, and seniority, or in the alternative, pay Horn front pay in lieu of reinstatement;

b. Pay lost wages and benefits to Horn;

c. Pay compensatory and punitive damages to Horn;

d. Pay pre-and post-judgment interest to Horn;

e. Pay Horn's reasonable attorney's fees and costs incurred in pursuing this matter; and

f. Provide to Horn any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 24387-49

*s/ Tyler S. Lemen*
Tyler S. Lemen, Attorney No. 34678-49

### JURY DEMAND

Plaintiff respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

Attorney for Plaintiff
Kenneth Horn, Jr.

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:           jhaskin@jhaskinlaw.com
                    sadams@jhaskinlaw.com
                    tlemen@jhaskinlaw.com